The STATE of Ohio, Appellee,

v.

RILEY, Appellant.

[Cite as *State v. Riley* (2001), 141 Ohio App.3d 409.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18458.

Decided Feb. 16, 2001.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Johnna M. Shia,* Assistant Prosecuting Attorney, for appellee.

*Brian D. Weaver,* Montgomery County Assistant Public Defender, for appellant.

BROGAN, Judge.

This case is before us on the appeal of Michael Sean Riley from his conviction and sentence on a charge of carrying a concealed weapon. In a single assign-

ment of error, Riley contends that the trial court erred by failing to suppress evidence uncovered as the result of an illegal and unconstitutional search.

After considering the record and case law, we agree that the search was illegal and that the trial court erred in overruling the motion to suppress. The facts pertinent to the suppression decision are as follows.

On January 13, 2000, a complaint was filed in Dayton Municipal Court, charging Michael Riley with carrying a loaded concealed weapon, in violation of R.C. 2923.12(A). Subsequently, Riley was indicted by the Montgomery County Grand Jury for the same charge, and for possession of a firearm in a place where liquor is sold. Thereafter, the case was handled by the Montgomery County Common Pleas Court. After Riley pled not guilty, his attorney filed a motion to suppress, based on an alleged illegal search and seizure. A suppression hearing was then held on June 6, 2000.

According to the testimony at the hearing, the police received an anonymous call on January 13, 2000, concerning the Hillside Bar in Dayton, Ohio. The caller said that a man in the bar was carrying a concealed weapon in his waistband. The physical description given was of a man with red hair, wearing a black-hooded sweatshirt and blue jeans. However, the police had no description of the caller, nor did they have any information indicating where the call originated.

Dayton Police Officer Brian Spencer and four other officers were dispatched to the bar to handle the call. When Spencer went into the bar, he saw a person who matched the description. The man was leaning against the bar and did not appear to be doing anything illegal. About twenty to thirty other people were in the bar.

Spencer immediately approached the individual (Riley) and ordered him to show his hands. At that point, Spencer put his hand in the middle of Riley's shirt and lifted up Riley's sweatshirt to see whether there was a weapon in the waistband. However, no weapon was found. Spencer then ordered Riley to take two steps away from the bar and turn around so that his back faced Spencer. Riley did as he was told. At that time, Spencer still had the sweatshirt in his hand and was holding it up. When Spencer let go of the sweatshirt, a large object in the pocket of the sweatshirt fell out and hit his hand. Spencer was in the process of patting Riley down when the object fell out. When the object hit his hand, Spencer grabbed it and instantly realized it was a gun. Consequently, Riley was arrested and charged, as we said, with carrying a concealed weapon.

Following the suppression hearing, both the state and Riley filed memoranda and attached cases relevant to the search-and-seizure issue. Both sides gave the court a copy of *Florida v. J.L.* (2000), 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254, which had been issued by the United States Supreme Court on

March 28, 2000. According to defendant, *J.L.* required that the suppression motion be granted. Specifically, in *J.L.,* the United States Supreme Court unanimously held that an anonymous tip, without more, does not justify an officer's stop and frisk of a person. In contrast, however, the state distinguished *J.L.* While the state acknowledged that an anonymous tip was no longer sufficient, the state argued that protective searches were still allowed in public places where the "reasonable expectation" of Fourth Amendment privacy was diminished.

On July 7, 2000, the trial court overruled the motion to suppress, without commenting on *J.L.* or citing any legal authority. Riley then pled no contest to one charge, *i.e.,* carrying a concealed weapon. Subsequently, on July 28, 2000, a termination entry was filed, sentencing Riley to nine months' imprisonment, and giving Riley credit for the one hundred seventy-seven days (or close to six months) he had already spent in confinement. A timely appeal was then filed.

Riley's appellate brief focuses on the factual similarity between *J.L.* and the present case. Due to the nearly identical facts of the two cases, Riley contends that the trial court erred by failing to apply the correct legal standard. The state now agrees with Riley's position. In particular, the state concedes in its brief that, after thorough research, no compelling factual or legal argument can be made to support the trial court's decision.

A cursory reading of *J.L.* indicates that it is completely on point with the present case and that no legitimate ground of distinction exists. Accordingly, we agree that the trial court erred in overruling the motion to suppress. Since no reasonable basis of distinction existed, the state should have conceded that fact at the trial level. Unfortunately, given the lapse of time, the defendant has already completed serving his sentence. While this fact does not moot the appeal, *State v. Golston* (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, it does seem to make an oxymoron of the term "appellate relief."

Based on the preceding discussion, the single assignment of error is sustained. Accordingly, the judgment of the trial court is reversed, and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

FAIN and FREDERICK N. YOUNG, JJ., concur.